IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAFAYETTE WILLIAMSON, *et al.*    * <br>     Plaintiffs, <br>     v.    *   CIVIL ACTION NO. DKC-14-1592 <br>   <br> PRINCE GEORGE'S COUNTY OF    * <br>   MARYLAND, *et al.* <br>     Defendants.    * <br>                    ***** | |

## **MEMORANDUM OPINION**

This civil rights complaint seeking damages and injunctive relief was received for filing on May 15, 2014. The complaint is signed by multiple residents of Prince George's County, Maryland. Plaintiffs seek to file the matter as a "class-action" under the civil rights statutes against the Prince George's County Executive, Councilmembers, and Chief of Police. (ECF No. 1).[1] Plaintiffs also submitted a "Petition for Stay of Execution and Temporary Restraining Order" and have moved for injunctive relief. (ECF Nos. 2 & 3).

Plaintiffs did not supply summonses for the defendants and none were issued for service of process. Nonetheless, Defendants Toles and Franklin have moved to dismiss the complaint on grounds of insufficient service and lack of personal and subject-matter jurisdiction. (ECF Nos. 4, 6 & 7). On July 2, 2014, the clerk mailed *Roseboro* notices to Plaintiffs, which advised them of the pendency of the motions, their entitlement to respond within seventeen (17) days from the date of the letter, and cautioned them that their case may be dismissed if they do not timely file a written

---

[1] Class certification will be denied. Among the requirements which litigants must meet in order to maintain a class action is that the "representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). As self-represented litigants, Plaintiffs cannot represent others in a class action. *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975).

response. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiffs have not responded.

The complaint is a far cry from a model of clarity. Plaintiffs seemingly allege that their freedoms of liberty and speech were violated due to the enactment of Council Bill 18-2011. The ordinance established regulatory licensing requirements related to the operation and maintenance of specified "dance halls" within Prince George's County. Plaintiffs allege that the legislation restricts their ability "to dance in a legal public or private place of [their] choice, because of [their] race, creed, color and culture." [2] (ECF No. 1, at 4-5). Plaintiffs contend that the bill "deprives the entire black race within the Prince George's County, Maryland, from exercising the freedom of expression through dance" and "acts to destroy a culture, deny a particular group of people, and deny any person completing his/her debt to society, the true experience of freedom." (*Id*. at 9-10).

As noted above, summonses have not been issued and whatever efforts Plaintiffs purport to have made to serve defendants are plainly insufficient. Moreover, Plaintiffs have not demonstrated standing, absent which, a party cannot invoke a court's jurisdiction. *See, e.g., Allen v. Wright,* 468 U.S. 737, 750–51 (1984); *Southern Walk at Broadlands Homeowner's Assoc. Inc. v. Openband at*

---

[2] The full bill, approved unanimously by the Prince George's County Council on July 19, 2011, accompanies the complaint. (*See* ECF No. 1-1). The Act states that it is:

> For the purpose of amending County regulations concerning dance hall premises, owners, lessors, operators, managers, promoters and patrons, establishing license requirements, setting penalties for violators, declaring specific legislative intent to establish reasonable and uniform laws to reduce the number of violent crimes that occur as a result of events at dance halls and to promote the health, safety, and welfare of the citizens and residents of: Prince George's County and declaring that a public emergency exists affecting the public health, safety, and welfare.

*Broadlands, LLC*, 713 F.3d 175, 85 (4th Cir. 2013). Any plaintiff seeking to invoke the jurisdiction of a federal court must establish standing. The doctrine of standing consists of two distinct "strands": constitutional standing pursuant to Article III and prudential standing. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). The requirements for constitutional standing reflect that Article III "confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984*); see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1993) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III[.]"). To establish Article III standing, a plaintiff must demonstrate that:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Doe v. Obama*, 631 F.3d 157, 160 (4th Cir.2011) (*quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81(2000)).

In addition to satisfying constitutional standing requirements, a plaintiff must also demonstrate that his claims are not barred by prudential limitations on a federal court's exercise of jurisdiction. *See Doe v. Sebelius*, 676 F.Supp.2d 423, 428 (D.Md.2009) (*citing Elk Grove Unified Sch. Distr.*, 542 U.S. at 12). In contrast to Article III standing, prudential standing "'embodies judicially self-imposed limits on the exercise of federal jurisdiction.'" *Elk Grove Unified Sch. Distr.*, 542 U.S. at 11. One such limitation is that "a plaintiff generally must assert his own legal

3

rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). This limitation serves to "preclude a court from deciding 'questions of broad social import in cases in which no individual rights will be vindicated'" and to ensure that "'access to the federal courts [is] limited to those litigants best suited to assert the claims.'" *Buchanan v. Consolidated Stores Corp.*, 125 F.Supp.2d 730, 738 (D.Md.2001) (*quoting Mackey v. Nationwide Ins. Cos.*, 724 F.2d 419, 422 (4th Cir.1984)).

Plaintiffs have not satisfied any of the requirements to demonstrate standing. There are simply no concrete facts alleged to show any injury to Plaintiffs directly related to the bill. The complaint does not allege that any of the Plaintiffs were denied a license to operate or maintain a dance hall or explain how the regulatory and licensing requirements inhibited Plaintiffs' ability to engage in recreational dance. In any event, Plaintiffs' alleged inability to engage in recreational dancing is not protected conduct under the Constitution. *See City of Dallas v. Staglin,* 490 U.S. 19, 23-28 (1989); *Willis v. Town of Marshall, N. C.*, 426 F.3d 251, 257-261 (4th Cir. 2005).

Accordingly, the motions to dismiss will be granted. A separate order will follow.

                                                 /s/
                           DEBORAH K. CHASANOW
                           United States District Judge